IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-01965-CMA-KMT

HECTOR PINEDO,
RENE PINEDO, and
AAG AUTO HAIL REPAIR, LLC, *an Arizona limited liability corporation*,

 Plaintiffs,

v.

SANGRE DE CRISTO COMMUNICATIONS, *a South Carolina limited liability corporation doing business as KOAA-TV and KOAA News5*,
SCRIPPS MEDIA, INC., *an Ohio corporation*,
NBCUNIVERSAL MEDIA, LLC, *a New York limited liability corporation*,
COMCAST CORPORATION, *a Pennsylvania corporation*,
SERVICE KING COLLISION REPAIR, *a Texas corporation*, and
VERNON JONES,

 Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

 This matter is before the Court upon review of the docket and Plaintiffs Hector Peneda, Rene Peneda, and AAG Auto Hail Repair, LLC's (together, "Plaintiffs") Response (Doc. # 13) to Magistrate Judge Kathleen M. Tafoya's Order to Show Cause (Doc. # 11). Because the Court does not have subject-matter jurisdiction over this action, it dismisses the action in its entirely without prejudice.

 The Court has "an independent obligation to address [its] own subject-matter jurisdiction and can dismiss actions *sua sponte* for a lack of subject-matter jurisdiction."

*City of Albuquerque v. Soto Enter., Inc.*, 864 F.3d 1089, 1093 (10th Cir. 2017). Relevant here, the Court "must rigorously enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1339 (10th Cir. 1998). Plaintiffs, the parties invoking the Court's jurisdiction, bear the burden of proof to establish the Court's jurisdiction. *See Penteco Corp. Ltd. P'ship—1085A v. Union Gas Sys.*, Inc., 929 F.2d 1519, 1521 (10th Cir. 1992).

When Plaintiffs initiated this litigation on July 8, 2019, they invoked the Court's diversity jurisdiction pursuant to 28 U.S.C. 1332(a), asserting that "[t]here exists complete diversity of citizenship between Plaintiffs and . . . Defendants." (Doc. # 2 at 2.) Multiple Defendants are limited liability corporations ("LLCs"). *See* (*id.*) With respect to the LLC Defendants, Plaintiffs alleged:

> 3. Sangre de Cristo Communications is a South Carolina Limited Liability Corporation.
> . . .
> 5. KOAA, is licensed through Scripps Broadcasting Company Holdings, LLC, a subsidiary of Scripps Media, Inc., an Ohio Corporation.
> 6. NBCUniversal Media, LLC is a New York Limited Liability Company.
> 7. NBCUniversal Medial, LLC is an American world-wide mass media conglomerate that operates the television network National Broadcasting Channel (hereinafter "NBC").
> . . .
> 9. NBCUniversal Media, LLC is a subsidiary of the Comcast Corporation, a Pennsylvania Corporation.

(*Id.*)

In the Tenth Circuit, as in every other circuit that has considered the question, "an LLC, as an unincorporated association, takes the citizenship of all its members." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015)

(citing *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419–20 (3d Cir. 2010) (collecting cases)). Plaintiffs did not identify the citizenship of the LLC Defendants' underlying members in their Complaint. *See* (Doc. # 2 at 2.) The Complaint was therefore insufficient to establish that complete diversity exists between Plaintiffs and Defendants. Recognizing this, Magistrate Judge Tafoya issued an Order to Show Cause on July 10, 2019, directing Plaintiffs to show cause "why this case should not be dismissed due to this Court's lack of subject matter jurisdiction." (Doc. # 11.)

Plaintiffs' Response to the Order to Show Cause, filed July 11, 2019, fails to establish the Court's subject-matter jurisdiction. *See* (Doc. # 13.) The convoluted Response does not clearly identify the members of the LLC Defendants, let alone those members' domiciles, as the Court requested. *See* (*id.*) For example, Plaintiffs state that Defendant "Sangre de Cristo Communications is a South Carolina [LLC]," "is registered as a Foreign [LLC] in Colorado," and was "organized by a sole organizer, John P. Barnwell, residing at 134 Columbus St., Charleston, SC 29403," before "[i]t was converted to an LLC [on] June 25, 2014." (*Id.* at 2.) These statements do not inform the Court of whether there are other members of the LLC (Defendant Sangre de Cristo Communications) and, if so, where they are domiciled.[1] The Court also has questions about the membership of Defendant NBCUniversal Media, LLC and of Scripps Broadcasting Company Holdings, LLC, which Plaintiffs allege licenses Defendant Sangre de Cristo Communication's broadcast channel. *See* (*id.* at 2–3.)

---

[1] The Court observes that on the Colorado Secretary of State's record for Defendant Sangre de Cristo Communications, Evan Pappas of Pueblo, Colorado, is identified as the LLC's registered agent. (Doc. # 13-2.) The Court questions whether, for example, Mr. Pappas is also a member of the LLC.

The Court will not abandon its duty to ensure that it has subject-matter jurisdiction over this and every other case before it. *See City of Albuquerque*, 864 F.3d at 1093. "[T]he relevant time period for determining the existence of complete diversity is the time of the filing of the complaint," *Siloam Springs Hotel*, L.L.C., 781 F.3d at 1239—now—and Plaintiffs have twice failed to satisfy their burden to establish the existence of complete diversity. The Court cannot proceed further and must dismiss this action. *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013) (quoting *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1990) ("A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking.")

It is therefore ORDERED that this case is DISMISSED WITHOUT PREJUDICE.

DATED: July 19, 2019

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge